1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7
8

## EASTERN DISTRICT OF CALIFORNIA

9 | RODNEY S. KOCH,                          CV F   06-171 AWI SMS P

10 |                    Plaintiff,           ORDER DISMISSING COMPLAINT WITH
                                            LEAVE TO AMEND (Doc. 1)

11 |    v.
                                            AMENDED COMPLAINT DUE WITHIN
12 |                                        THIRTY DAYS OF DATE OF SERVICE OF
    HICKMAN, et. al.,                       ORDER
13 |
                    Defendants.             ORDER DIRECTING CLERK OF COURT TO
14 | _____/   SEND PLAINTIFF BLANK CIVIL RIGHTS
                                            FORM
15

16          Rodney Koch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17 | this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on

18 | February 16, 2006, naming Roderick Hickman, Secretary of the California Department of

19 | Corrections and Rehabilitation ("CDCR"), Jeanne Woodford, Former Director of the CDCR,

20 | Warden Sullivan, K.E. Tood, D.A. White, A. Lopez, Officer Fortson, C.A. Eubanks, Everet W.

21 | Fischer, and M. Ruff as Defendants.

22 | **A.  SCREENING REQUIREMENT**

23          The court is required to screen complaints brought by prisoners seeking relief against a

24 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25 | court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26 | "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27 | monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28 | "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **B. CLAIMS FOR RELIEF**

13     ***1.  Linkage Requirement***

14         The Civil Rights Act under which this action was filed provides:

15             Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
16             deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
17             law, suit in equity, or other proper proceeding for redress.

18  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

19  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

22  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

23  in another's affirmative acts or omits to perform an act which he is legally required to do that

24  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

25  Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

26  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

27  federal rights.

28

*2. Rule 8(a)*

The Complaint submitted by Plaintiff consists of over one hundred fifty (150) pages. Plaintiff's allegations and statement of facts and claims comprise over fifty (50) of those pages. Plaintiff's Complaint is therefore, not in compliance with Rule 8(a) of the Federal Rules of Civil Procedure.

Further, a plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In addition, it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

Here, Plaintiff names eleven Defendants and lists five claims for relief, however, instead of stating the relevant facts and linking each named Defendant to an act or omission giving rise to the Constitutional claim for relief, he "incorporates by reference" everything stated in the prior 40+ pages. It is not the Court's responsibility to read Plaintiff's story and then try to determine which claim goes with which facts or which facts go with which Defendant or claim. This is the Plaintiff's responsibility. Plaintiff must submit a Complaint in compliance with Rule 8(a) which requires only a short and plain statement of the facts. The Court will provide Plaintiff with what appears to be the relevant law so that he may formulate his facts and claims properly.

*3. Supervisory Liability*

1    The Court notes that Plaintiff names individuals who may be supervisors.

2    Supervisory personnel are generally not liable under Section 1983 for the actions of their

3    employees under a theory of respondeat superior and, therefore, when a named defendant holds a

4    supervisory position, the causal link between him and the claimed constitutional violation must

5    be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

6    Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

7    for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

8    some facts that would support a claim that supervisory Defendants either: personally participated

9    in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

10   prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

11   repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

12   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List,

13   880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

14   must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County

15   Narcotics Unit, 507 U.S. 163, 168 (1993).

16   **4. Freedom of Association**

17   "An inmate does not retain rights inconsistent with proper incarceration," and "freedom of

18   association is among the rights least compatible with incarceration."  Overton v. Bazzetta, 123

19   S.Ct. 2162, 2167 (2003).  Accordingly, "[s]ome curtailment of that freedom must be expected in

20   the prison context."  Id.  The Court added that it was neither holding nor implying "that any right

21   to intimate association is altogether terminated by incarceration or is always irrelevant to claims

22   made by prisoners," but that the regulations at issue here would be upheld because they "b[ore] a

23   rational relation to legitimate penological interests." Id.

24   In deciding whether a regulation affecting prisoners' constitutional rights survives a

25   constitutional challenge, the Court stated, four factors are relevant: "whether the regulation has a

26   'valid, rational connection' to a legitimate governmental interest; whether alternative means are

27   open to inmates to exercise the asserted right; what impact an accommodation of the right would

28   have on guards and inmates and prison resources; and whether there are 'ready alternatives' to the

4

1    regulation." Id. at 2168 (quoting Turner v. Safley, 482 U.S. 78, 89-91, 107 S.Ct. 2254 (1987)).

2    Analyzing each of these factors with respect to the challenged regulations, the Court found that

3    the regulations did not infringe upon the plaintiffs' constitutional right of association or their right

4    to substantive due process.  Id. at 2168-70.

5    ### 5. Retaliation

6    Allegations of retaliation against a prisoner's First Amendment rights to speech or to

7    petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

8    (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

9    Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege

10   and show that defendants acted to retaliate for his exercise of a protected activity, and defendants'

11   actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816

12   (9th Cir. 1994); Pratt 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory

13   conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108

14   F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

15   A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus

16   between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

17   McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of

18   Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or

19   circumstantial, to establish a link between the exercise of constitutional rights and the allegedly

20   retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation

21   may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's

22   Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

23   ### 6. Equal Protection

24   Equal protection claims arise when a charge is made that similarly situated individuals are

25   treated differently without a rational relationship to a legitimate state purpose.  See San Antonio

26   School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a

27   violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that

28   defendants acted with intentional discrimination against plaintiff or against a class of inmates

1   which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal

2   protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208

3   F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal

4   Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia,

5   775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that

6   show that an individual was personally involved in the deprivation of his civil rights."  Barren at

7   1194.

8   **C. CONCLUSION**

9         The Court finds that Plaintiff's complaint does not contain any claims upon which relief

10  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

11  time to file an Amended Complaint curing the deficiencies identified above should he wish to do

12  so.

13        Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

14  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

15  1980).  The Amended Complaint must specifically state how each Defendant is involved.

16  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

17  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

18  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

19  F.2d 740, 743 (9th Cir. 1978).

20        Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

21  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

22  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

23  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

24  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

25  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

26  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

27  appropriate case number, and be an original signed under penalty of perjury.

28  **C. ORDER**

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

      a.      File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

      b.      Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.


IT IS SO ORDERED.

**Dated:   February 22, 2007**          _____/s/ Sandra M. Snyder_____
icido3                                                          UNITED STATES MAGISTRATE JUDGE

7